[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought by the plaintiffs, Carol Semack and Philip Semack, seeking recovery for personal injuries and loss of consortium, resulting from an incident occurring in a Stop and Shop supermarket in New Haven, Connecticut on May 26, 1988.
Based on a fair preponderance of the credible evidence, the court finds that on May 26, 1988, and prior thereto, the defendant owned, maintained and controlled a supermarket located at 154 Amity Road, New Haven. On the evening of May 26, 1988, while the plaintiff, Carol Semack, was shopping in that supermarket, her carriage was struck by a pallet pulled by an employee, Dennis Loftus, causing the carriage to be driven into Mrs. Semack, pushing her forcibly into the shelving behind her. After being struck, Mrs. Semack fainted and slid to the floor.
At all pertinent times, Dennis Loftus was employed as a stockperson by Stop and Shop and was acting within the scope of his employment. In pulling the pallet into Carol Semack's carriage, Mr. Loftus was negligent and breached his duty of care to the plaintiff in being inattentive, failing to keep a proper and reasonable lookout, and failing to keep the pallet under reasonable control.
As a result of the negligence of the defendant, Mrs. Semack suffered various soft tissue injuries, including contusions of her chest and lacerations of her upper back. As a further result of the incident causing her injuries, she suffered spasm of various muscle groups, restriction of her cervical range of motion, as well as considerable pain and loss of capacity to carry on her normal life activities. The rib fractures which she apparently sustained were not proven to be caused by the incident in question, nor was permanent disability established. As a result of her physical symptoms, Mrs. Semack had numerous x-rays taken and was seen by S. Jack Landau, M.D., Sherwin B. Nuland, M.D. and Robert M. Aaronson, M.D. In addition, she was treated by a chiropractor, Rebecca Horowitz, D.C., for the purpose of alleviating her pain and restriction of motion. In addition to her physical pain, Mrs. Semack suffered considerable emotional CT Page 2312 distress as a result of her injuries and difficulties arising from the incident.
The plaintiff, Philip Semack, suffered loss of consortium as a result of his wife's injuries and complaints, insofar as Mrs. Semack was unable to carry on as before with the marriage relationship and with normal household activities.
As a result of the defendant's negligence, the plaintiff Carol Semack sustained past economic damages in the amount of $4,240.01 consisting of the following:
 New Haven Ambulance $ 187.80 Yale New Haven Hospital 374.40 Temple Cardiology Group 120.00 Yale Diagnostic Radiologists 97.00 Temple Radiology Group 496.00 Sherwin B. Nuland, M.D. 125.00 Rebecca Horowitz, D.C. 1160.00 Lurie Pharmacy 46.86 Ben Smith Pharmacy 12.95 Valeria Skwarcewicz, household help 1620.00
In view of the uncertainty with respect to the progression of Mrs. Semack's degenerative disc disease, and the long hiatus in treatment sought and received by Mrs. Semack until the examination by Dr. Horowitz after the trial began, the court is unable to find any future economic or future non-economic damages caused by the incident. However, the considerable pain and suffering and restriction of normal activities caused to the plaintiff, Carol Semack, leads to the court to find her past non-economic damages to amount to $28,500. The court further finds that the plaintiff, Philip Semack, suffered past economic damages for loss of consortium in the amount of $7,500.
Pursuant to Conn. Gen. Stat. 52-225a, the parties are requested to submit evidence concerning the total amount of collateral sources which have been paid for the benefit of the claimant.
BARRY R. SCHALLER, Judge.